UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNITED STATES OF AMERICA,           :
                                      :
        v.                   :      **MEMORANDUM & ORDER**
                                        :      20-CR-403 (WFK)
ROBERT GALA,                  :
                                      :
               Defendant.     :
-------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

On June 1, 2022, Defendant pleaded guilty to the sole count of an Indictment, charging him with Hobbs Act Robbery in violation of 18 U.S.C. § 1951(a).  Defendant now moves for release from custody pending sentence on a $150,000.00 bond so he may enter a new residential drug treatment program.  Def. Mot., ECF No. 79.  For the following reasons, Defendant's motion is DENIED.

## BACKGROUND

On September 9, 2020, the Government filed a Sealed Complaint, charging Defendant with robbery in violation of 18 U.S.C. § 1951.  ECF No. 1.  On September 15, 2020, the Honorable Magistrate Judge Lois Bloom arraigned Defendant on the Complaint and ordered him released on a $150,000.00 bond secured by one surety.

Defendant's bail package contained, among other things, conditions requiring Defendant to refrain from: (1) using or unlawfully possessing narcotic drugs or controlled substances unless prescribed by a licensed medical practitioner, (2) obstructing or tampering with substance abuse testing, and (3) violating any other laws.  Order Setting Conditions of Release ("Order") at 2, ECF No. 3.

Despite these conditions, Defendant tested positive for illegal drugs, including cocaine, morphine, and fentanyl, on twenty-six occasions.  Pretrial Services Mem., March 11, 2022, ECF No. 42.  He also provided a urine sample inconsistent with normal human urine and failed to attend ten of twelve required anger management sessions.  *Id.*  On April 19, 2022, Defendant was

found in possession of a bottle of Gabapentin pills, in violation of the conditions of his release. In addition, because of Defendant's repeated non-compliance and dishonesty, his residential drug treatment center terminated him from its program as of April 22, 2022.

Also on April 22, 2022, the Court held a bail revocation hearing, prior to which Defendant consented to being remanded into custody. ECF No. 67. That same day, the Court ordered Defendant detained pending trial, finding he had violated the conditions of his release and was unlikely to abide by any condition or combination of conditions of release. Order, ECF No. 68.

On June 1, 2022, Defendant pleaded guilty to the sole count of the Indictment, charging him with Hobbs Act Robbery in violation of 18 U.S.C. § 1951(a). Defendant now moves for release from custody pending sentence on a $150,000.00 bond so he may enter a new residential drug treatment program. Def. Mot., ECF No. 79.

## DISCUSSION

### I.     Legal Standard

Defendant is subject to detention pursuant to 18 U.S.C. § 3143(a)(2), which requires his detention while awaiting imposition of sentence unless:

> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

These conditions do not exist here. However, the Court may release a defendant detained pursuant to 18 U.S.C. § 3143(a)(2) or (b)(2), if the Court finds by clear and convincing evidence the defendant is not likely to flee or pose a danger to the safety of any other person or the

community if released, and "if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c). The Second Circuit offers the following working definition of "exceptional reasons": "a unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991). In assessing whether the reasons proffered are exceptional, "a case by case evaluation is essential." *Id.* The § 3145(c) framework "creates a presumption in favor of detention that places a plainly substantial burden of proof on the defendant seeking release. *Lloyd v. United States*, 857 F. App'x 702, 703 (2d Cir. 2021) (summary order) (citing *United States v. Abuhamra*, 389 F.3d 309, 319 (2d Cir. 2004)) (internal quotations omitted).

## II.    Analysis

In its April 22, 2022 detention order, the Court found by clear and convincing evidence Defendant was unlikely to abide by any condition or combination of conditions of release. Specifically, the Court's order stated, "no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community." Order, ECF No. 68. Since then, Defendant has not presented new evidence sufficient to change that finding. In fact, Defendant's proposed conditions of release are substantially similar to the conditions in effect prior to his detention. *See* Order Setting Conditions of Release, ECF No. 3. Those conditions were ineffective in securing Defendant's compliance, and Defendant has not presented sufficient evidence to suggest the proposed conditions would produce a different result.

Even if Defendant had met his burden to show he is unlikely to flee or pose a danger to the safety of any other person or the community, he has not presented "exceptional reasons" why release is appropriate under the circumstances. 18 U.S.C. §

3

3145(c). Defendant receives substance abuse treatment at the Metropolitan Detention
Center ("MDC"), where he is assigned to the Medication-Assisted Treatment program
and receives daily methadone medication and monthly treatment follow-ups. Def. Mot.
at 2; Gov't Resp. at 5, ECF No. 80. The combination of Defendant's addiction and the
availability of potentially more effective treatment options does not, by itself, constitute
"a unique combination of circumstances giving rise to situations that are out of the
ordinary."

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motion for release pending
sentencing.

SO ORDERED.

s/ WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: August 15, 2022
       Brooklyn, New York

4